UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EMMANUEL ASHEMUKE,**

   Movant,

v.

**UNITED STATES OF AMERICA,**

   Respondent.

No. 4:22-cv-0400-P
(No. 4:19-cr-0331-P)

## OPINION AND ORDER

Came on for consideration the motion of Emmanuel Ashemuke, Movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the memorandum in support, the response, the reply, the record, including the record in the underlying criminal, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On November 7, 2019, Movant was named in a one-count information charging him with conspiracy to commit an offense against the United States, engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 371. CR ECF No. 23. Movant and his counsel signed a waiver of indictment, CR ECF No. 28, factual resume, CR ECF No. 29, and plea agreement. CR ECF No. 30. The factual resume set forth the charge, the elements of the offense, the penalty Movant faced, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 29. The plea agreement set forth the penalty Movant faced, the role of the Court, the government's agreement not to bring any additional charges against Movant based on the conduct underlying the plea, that Movant had thoroughly reviewed all legal and factual aspects of the case with his attorney and was satisfied with his representation, that his plea was

knowing and voluntary, and that he had concluded that, because he was guilty, it was best to enter into the plea agreement rather than proceed to trial. CR ECF No. 30.

On November 15, 2019, Movant appeared before the Court and entered his plea of guilty to the information. CR ECF No. 74. Movant testified under oath at arraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the Court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; he had read and understood and discussed the legal meaning of everything in the factual resume and plea agreement with his attorney and had approved of all of the changes made in them; his term of imprisonment could be as much as five years; the plea agreement contained all of the terms of his agreement with the government; he entered into the plea agreement freely and voluntarily without any promise or coercion having been made; he was pleased with his attorney and had no complaint whatsoever about him; and, the stipulated facts in the factual resume were true and correct. *Id.* Movant clarified certain transfers and the Court expressed the concern that the maximum sentence that could be imposed was five years, whereas the substantive offenses all contemplated a sentence of ten to twenty years' imprisonment. *Id.* at 38–39.

The probation officer prepared the PSR, which reflected that Movant's base offense level was 24. CR ECF No. 33, ¶ 37. He received a four-level increase for being in the business of laundering funds. *Id.* ¶ 38. He received a three-level increase for his role in the offense. *Id.* ¶ 41. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 45, 46. Based on a total offense level of 28 and a criminal history category of I, Movant's guideline range was 78 to 97 months; however, the statutorily authorized maximum sentence was five years, so the guideline term of imprisonment became sixty months.

*Id.* ¶ 84. The PSR also included a discussion of factors that might warrant departure or a sentence outside the advisory guideline system. *Id.* ¶¶ 97–99. Movant filed objections, CR ECF No. 35, and the probation officer prepared an addendum to the PSR. CR ECF No. 39. The Court issued an order tentatively concluding that the plea agreement should be rejected. CR ECF No. 55. The probation officer prepared a second addendum to the PSR. CR ECF No. 59.

The case was transferred to the docket of the undersigned, who reluctantly accepted the plea agreement. CR ECF No. 73. The Court sentenced Movant to a term of imprisonment of sixty months. CR ECF No. 65. He appealed. CR ECF No. 67. The judgment was affirmed. *United States v. Ashemuke*, No. 20-11142, 2021 WL 3745544 (5th Cir. Aug. 24, 2021). His petition for writ of certiorari was denied. CR ECF No. 78.

## GROUNDS OF THE MOTION

Movant asserts six grounds in support of his motion: (1) ineffective assistance of counsel; (2) business of laundering funds; (3) leadership role; (4) statements by the Judge at sentencing; (5) no agreement or knowledge of conspiracy; and (6) base offense level. ECF No 1 at 7–9.[1]

## APPLICABLE STANDARDS OF REVIEW

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[1] The reference is to "Page __ of 13" assigned by the Court's electronic filing system and found at the top right portion of the page.

3

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B.     Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his allegation of ineffective assistance of counsel, Movant contends that counsel erred (1) in stating in the objections to the PSR that Movant conceded to engaging in laundering funds, (2) in giving misleading advice that Movant's wife could legally be permitted to testify against him at trial, (3) by never relaying information of his arbitrage business, and (4) by failing to investigate. ECF No. 1 at 7. In his reply, Movant seems to be alleging that his plea was not knowing and voluntary because of these alleged shortcomings of counsel. ECF No. 7 at 2. His argument comes too late, as a movant cannot assert new grounds after the government has responded to his motion. But, in any event, movant's contention is belied by the record.

"Solemn declarations made in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, a factual resume and plea agreement are likewise entitled to the presumption and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Here, Movant conceded in his factual resume that he had conspired with others to launder criminally-derived money of value greater than $10,000 and that as part of the conspiracy, he received money by mail and by deposits to his bank accounts from fraud victims and sent it to overseas banks. CR ECF No. 29. At arraignment, Movant testified under oath that he had read the factual resume and plea agreement carefully, discussed each of them with counsel, and understood everything in them before he signed them. CR ECF No. 74 at 18–19. He testified that all of the stipulated facts in the factual resume were true and correct. *Id.* at 37. And, he clarified that he had received from R.K., a victim of the scheme, at least $10,000 that he deposited into his Farmers and Merchants Bank account and then internationally wired at least $10,000 of those funds to the First Bank of Nigeria. *Id.* at 38. His guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Because Movant conceded to having engaged in money laundering, his counsel cannot have performed deficiently by recognizing that fact

in the objections to the PSR. Movant's remaining allegations, that counsel gave Movant misleading advice that his wife could legally be permitted to testify against him, that he never relayed information about Movant's arbitrage business, and that counsel failed to investigate, were waived by his guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (once a guilty plea is entered, all nonjurisdictional defects in the proceedings against the defendant are waived). A guilty plea waives pre-plea ineffective assistance of counsel, unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Cavitt*, 550 F.3d at 441. Movant's *post hoc* conclusory allegation that he would have gone to trial is insufficient. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). The allegations are meritless in any event. A spouse has the privilege to refuse to testify and cannot be compelled or foreclosed from doing so. *Trammel v. United States*, 445 U.S. 40, 53 (1980). Movant never disclosed his alleged arbitrage business when he met with law enforcement *See* CR ECF No. 33. And, the allegation of failure to investigate is wholly conclusory and provides no grounds for relief. *Miller*, 200 F.3d at 282. *See also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (movant must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the proceedings).

In his second, third, and sixth grounds, Movant alleges that the Court erred in applying the four-level increase for money laundering, in applying the three-level increase for role in the offense, and in incorrectly calculating his base offense level. ECF No. 1 at 7, 9. As the government notes, these grounds are not cognizable in a § 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). The third and sixth grounds were raised on appeal and determined to be without merit. *Ashemuke*, 2021 WL 3745544, at \*1–\*2. They cannot be pursued here. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981). Apparently recognizing that he cannot raise them, Movant now argues that he is really complaining of ineffective assistance of counsel on appeal.

However, as stated, the Court does not consider new grounds raised in a reply. Even if it did, for all of the reasons discussed by the government, the grounds are without merit. ECF No. 6 at 14–20.

In his fourth ground, Movant appears to contend that he was denied a fair tribunal. ECF No. 1 at 8. He relies on the undersigned's statement at sentencing that, even if the guideline calculations were later determined to be incorrect, the Court would have imposed the same sentence based on the factors enumerated in 18 U.S.C. § 3553. CR ECF No. 73 at 19. The ground was not, but should have been, raised on appeal and cannot be pursued here. *Davis*, 417 U.S. at 345. Movant has not shown cause and prejudice. *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997). And, the ground is meritless even if it could properly be presented. *See, e.g.*, *United States v. Leontaritis*, 977 F.3d 447, 452 (5th Cir. 2020) (guideline error harmless where the district court said it would have imposed the same sentence under § 3553); *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (same).

In his fifth ground, Movant alleges that he had no agreement or knowledge of a conspiracy and never agreed to launder funds. Again, he refers to his alleged arbitrage business. ECF No. 1 at 9. Sufficiency of the evidence is a ground that should have been raised on appeal. Movant makes no effort to show cause for failing to do so. *Hogue*, 131 F.3d at 497. As discussed, Movant admitted under oath that he conspired with others to launder criminally-derived money. He cannot now pretend that he had no idea what was going on. The record is replete with facts showing that Movant knowingly and willingly joined the conspiracy to launder funds fleeced from victims of a romance scheme. CR ECF No. 33.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **14th day** of **November 2022.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE